Filed 1/14/14  P. v. Farmer CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B246081 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA 123738) |
| v. | |
| DENNIS FARMER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura J. Walton, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant Dennis Farmer challenges his conviction for two counts of sale of cocaine base in violation of Healthy and Safety Code section 11352, subdivision (a).[1] His counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that no arguable issue exists. We find no arguable issue and affirm.

**FACTS**

On May 3, 2012, an informant of the Los Angeles Police Department purchased an off-white substance from defendant. The transaction was videotaped and audiotaped, but the videotape captured only defendant's face and shirt, not the hand-to-hand transfer. The informant testified that she asked defendant if he had anything and he responded affirmatively. She gave defendant $20, and he gave her what she thought was cocaine. Analysis of the off-white substance the informant purchased from defendant showed it was cocaine base.

On May 8, 2012, another informant purchased two rocks wrapped in clear plastic from defendant. The purchase was videotaped and audiotaped, but the hand-to-hand transfer was not captured by the videotape. Officer Melissa Gonzalez observed what she believed to be a narcotics sale by defendant. She saw the informant say something to defendant, the informant hand something to defendant, defendant and the informant walk between two buildings, and the informant take something from defendant. After the exchange, the informant gave Officer Gonzalez two rocks wrapped in clear plastic. Analysis of the rocks purchased by the informant showed they were cocaine base.

**PROCEDURE**

Defendant was charged with three counts of transportation or sale of cocaine base, based on incidents occurring May 3, 2012, May 8, 2012, and May 15, 2012. A gang enhancement was alleged. It was further alleged defendant suffered a 2010 conviction for possession of cocaine base for sale in case No. TA111608. (§ 11351.5.) Section 11370.2, subdivision (a) requires a three-year enhancement for a person convicted of

---

[1]     Undesignated statutory citations are to the Health and Safety Code.

2

violating section 11352 who suffered a prior conviction for an enumerated offense including a violation of section 11351.5.

Count three was based on an incident occurring May 15, 2012, and was stricken because the People were unable to proceed on that count. The gang allegation was stricken.

Defendant was tried by a jury. Defendant was convicted of two counts of sale or transportation of cocaine base. Defendant waived his right to jury trial on the prior. The trial court found he suffered a prior conviction in case No. TA111608. The trial court also found defendant had violated his probation from his 2010 case, case No. TA111608, which had resulted in a suspended five-year sentence.

Defendant was sentenced to a total term of nine years four months, including the five-year suspended sentence in the prior case, a consecutive term of one-third the midterm for count one, a concurrent term of one-third the midterm for count two, and a three-year enhancement pursuant to section 11370.2, subdivision (a).

## DISCUSSION

The court appointed counsel to represent defendant. Counsel filed a brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436 identifying no issues. Defendant filed a supplemental brief. In his supplemental brief, defendant argues that he did not receive a fair trial, was denied effective assistance of counsel, his sentence was higher than that offered before trial, and evidence against him was fabricated.

The record does not support defendant's contentions. We have reviewed the entire record and find no violation of defendant's right to due process, and defendant identifies no specific violation. Defendant's claim of ineffective assistance is based on the premise that his counsel failed to present an intelligent defense, but he identifies no defense his counsel could have presented. The record on appeal indicates that defense counsel vigorously represented defendant, and we find no deficient conduct based on the current record. The fact that defendant's posttrial sentence was higher than the pretrial offer,

does not demonstrate any error in his sentence.[2]  Finally, defendant's claim that evidence against him was fabricated finds no support in the record.

We have reviewed the entire record and find no arguable issue on appeal and are satisfied that defendant's attorney has fully complied with the responsibilities of counsel. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; see also *People v. Kelly* (2006) 40 Cal.4th 106, 111; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

---

[2]     The prosecutor represented that the People offered defendant a five-year sentence based on the prior case with a three-year concurrent sentence based on the current case.